```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER B. MILTON,           )
                                 )
            Plaintiff,           )
                                 )
v.                               )     Case No. CIV-14-142-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )
```

**REPORT AND RECOMMENDATION**

Plaintiff Christopher B. Milton ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 12, 1974 and was 38 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. Claimant has worked in the past as a customer service representative and salvager. Claimant alleges an inability to work beginning January 20, 2011 due to limitations caused by a back injury.

### Procedural History

On February 12, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et*

3

*seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 17, 2012, a hearing was held before ALJ James Bentley by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. By decision dated January 3, 2013, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On February 18, 2014, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with restrictions.

**Errors Alleged for Review**

Claimant, acting *pro se* in this appeal, asserts the ALJ committed error in (1) failing to properly consider the evidence of his disability; and (2) rejecting his testimony of pain as not credible.

**Consideration of the Medical Record**

In his decision, the ALJ determined Claimant suffered from the

4

severe impairment of back pain post surgery with corpectomy and fusion. (Tr. 19). He concluded Claimant retained the RFC to perform light work except that he must be able to alternate between sitting or standing. Claimant was also found to perform simple tasks with routine supervision. (Tr. 20). After consultation with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of ticket seller and cutter and paster, both of which the vocational expert testified existed in sufficient numbers in the national and regional economies. (Tr. 23). As a result, the ALJ determined Claimant had not been under a disability from January 20, 2011 through the date of the decision. Id.

Claimant contends the ALJ should have considered that he did not know he could obtain a primary care physician through the Cherokee health services. As a result, Claimant asserts the ALJ should not have relied upon the lack of medical records to deny benefits. Claimant's problems began when he fell of the end of a cellar and began experiencing back and leg pain in March of 2011. A CT scan and MRI revealed a greater than 60% canal compromise including the nerve roots at the L3 burst fracture level. The MRI showed a three column ligamentous injury. As a result, Claimant underwent a L3 corpectomy with cage reconstruction and L2 through L4 pedicle fixation and fusion. (Tr. 214). His physician, Dr. Clinton J. Baird, restricted Claimant to safe bending, lifting, and

twisting practices and a weightlifting restriction of approximately 20 pounds. (Tr. 215). The ALJ gave the lifting restriction "great weight" but gave limited weight to the postural activity assessment because he considered it inconsistent with the medical evidence of record and his activities of daily living. (Tr. 21).

The medical evidence indicates Claimant recovered well from his surgery. He reported pain at a 5 or 6 and, at times, zero. He did not experience any leg pain or paraesthesias at the time and was "making a remarkable recovery." A neurological examination demonstrated Claimant had full strength in the upper and lower extremities, his sensory examination was intact, and his incision was well-healed. He was making a "great recovery" and was to wear a brace for three months and follow up. (Tr. 214).

On April 7, 2011, Dr. Karl K. Boatman completed a Physical Residual Functional Capacity Assessment form on Claimant. Dr. Boatman found Claimant could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours in an 8 hour workday, sit for about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. Dr. Boatman noted Dr. Baird's findings post-surgery. (Tr. 217). Dr. Boatman found no postural, manipulative, visual, communicative, or environmental limitations on Claimant's work activities. (Tr. 218-20). The ALJ gave Dr. Boatman's functional findings "great weight" as it was

consistent with the treatment notes, physical examinations, diagnostic testing, subjective complaints, and Claimant's activities of daily living. (Tr. 21). Upon examination in December of 2012, Claimant demonstrated essentially normal gait and posture, range of motion in the spine, normal sensory in all extremities, motor strength, and normal reflexes bilaterally. His heel/tow walking was normal, squatting was normal and straight leg testing was negative. (Tr. 260).

Claimant also references a left Grynfeltt hernia in the flank which he alleges caused severe pain. However, after surgical repair, a general follow up visit with Dr. Guillermo W. Arnaud in March of 2012 indicates Claimant had "no complaints except for some occasional discomfort in the area of the surgical incision." (Tr. 263). This record does not demonstrate a severe impairment which precludes engaging in basic work activities.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained

work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. Claimant's problems with obtaining a regular and consistent physician through Cherokee health services is regrettable but did not affect the ultimate medical assessment and Claimant's ability to engage in basic work activities. This Court finds no error in the ALJ's RFC determination.

**Analysis of Claimant's Credibility**

Claimant engages in extensive activities in his daily living. Claimant stated that he attended to his personal needs, took care of his pets, prepared meals, ventured outdoors, handled his own personal finances, read, watched television, played video games, has a girlfriend, and talked to friends and family. (Tr. 135-38). The ALJ noted these statements and the medical record which supported his findings on credibility. (Tr. 20).

8

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ's detailed assessment of

Claimant's credibility is well-supported by the medical record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 23rd day of April, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE